FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 18 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NYESHA TAYLOR and PAMELA JORDAN**                                    PLAINTIFFS

VS.                              CASE NO.: 4:20cv1364-KGB

**THE WATERS OF WOODLAND HILLS, LLC**                                  DEFENDANT

## COMPLAINT

This case assigned to District Judge Baker
and to Magistrate Judge Deere

Comes now the Plaintiffs, Nyesah Taylor and Pamela Jordan, by and through their attorney, Floyd A. Healy, and for their Complaint against the Defendant, The Waters of Woodland Hills, LLC, states:

1. That Separate Plaintiffs, Nyesha Taylor, (hereinafter referred to as Separate Plaintiff Taylor) and Pamela Jordan, (hereinafter referred to as Separate Plaintiff Jordan) are residents of Pulaski County, Arkansas and are both African-American females.

2. That during all times set out hereinbelow, Plaintiffs were permanent employees with The Waters of Woodland Hills, LLC.

3. That at all times pertinent, Plaintiffs were employed by The Waters of Woodland Hills, LLC, a Domestic LLC existing under and pursuant to the laws of the State of Arkansas.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction in the action pursuant to 42 U.S.C. § 2000e-5 inasmuch as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f). The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination. The amount in controversy in this action exceeds the jurisdictional limits of this Court.

2. That the Plaintiffs have obtained from the EEOC a Notice of Right to Sue. Separate Plaintiff, Nyesha Taylor's Right to Sue letter is dated August 25, 2020, and Separate Plaintiff Pamela Jordan's Notice of Right to Sue is dated August 20, 2020. Attached hereto marked "Exhibit A" and incorporated herein by reference is a copy of said Notice of Right to Sue for Separate Plaintiff Taylor. Separate Plaintiff Jordan's Notice of Right to Sue is attached hereto marked "Exhibit B".

## GENERAL FACTUAL ALLEGATIONS

1. That both Plaintiffs are African-American females. Separate Plaintiff Taylor began employment with the Defendant on December 18, 2019, as the Receptionist. Separate Plaintiff Taylor was promoted to Business Office Assistant in March of 2020.

2. That as to Separate Plaintiff Taylor, her job duties were primarily to answer the phone and back up the Business Officer Manager. Upon Separate Plaintiff Taylor's promotion to Business Office Assistant and her duties were to Assist the Business Office Manager, answer telephones, greet clients, and to administer scans tests to detect Covid-19 in the Scan Center.

3. That Separate Plaintiff Taylor was terminated by the Defendant on April 17, 2020, on the grounds of insubordination. Separate Plaintiff Taylor verily believes and therefore alleges that she was terminated due to an EEOC claim that she filed against Defendant alleging discrimination, sexual harassment, and sexism. Separate Plaintiff Taylor was sexually harassed on many occasions by a Caucasian male employee of the Defendant. This individual would speak to Separate Plaintiff Taylor in the following manner, "can I put my cock between your tits" and "let me suck those chocolate tits". This Caucasian co-worker called her names like "Aunt Jemima, bitch, and cunt". This co-worker continuously looked at her breasts, invaded her personal space, treated her differently because she would not engage in sexual activities, used profanity around her and others,

he would tell her what he would like to do to sexually, and body shaming. Separate Plaintiff Taylor reported this individual and his activities on many occasions to Defendant but no action was taken.

4. That Separate Plaintiff, Pamela Jordan began working for the Defendant on August 27, 2018, as the Business Office Manager. Separate Plaintiff Jordan terminated her employment with the Defendant on August 7, 2020, alleging racial discrimination and retaliation. Separate Plaintiff Jordan filed an EEOC Claim alleging racial discrimination and retaliation against Defendant.

5. That Separate Plaintiff Jordan was continuously harassed by the Regional Director of the Defendant's establishment, who is a Caucasian female. Separate Plaintiff Jordan was also bullied by the Regional Director due to her skin color and comments were made that she was an "uppity black". The Regional Director instructed the Administrator to "get rid of the uppity black".

6. That Separate Plaintiff Jordan was not allowed in Corporate staff meetings, which was a part of her job description working in Human Resources. A Caucasian co-worker of Separate Plaintiff Jordan, with the same job duties, was able to attend Corporate staff meetings, received training for Human Resources, and was able to fail state audits without being written up or terminated. Separate Plaintiff Jordan was not allowed to keep files in her office nor attend staff meetings.

7. That Separate Plaintiff Jordan felt she was forced to work in a hostile working environment due to feeling as though she was had been put into a position that made it impossible for her to succeed. Her Caucasian co-worker, who was an equal peer, was moved to a more accommodating work environment with things set up for her to succeed.

8. That the Regional Director retaliated against Separate Plaintiff Jordan for witnessing and attempting to report discrimination and sexual harassment at the Defendant's establishment.

WHEREFORE, Plaintiffs demands judgment against the Defendant in an amount which will compensate them for:

1. violation of their rights under Title VII of the Civil Rights Act of 1964;

2. compensatory damages including loss wages, past and future and/or impairment of power to earn money, emotional distress and humiliation, sexual harassment;

3. punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

4. plaintiffs demand a trial by jury on all issues so triable;

5. costs expended herein, including reasonable attorney's fees;

6. pre-judgment and post-judgment interest; and

7. all other just and proper relief to which they are entitled.

Respectfully submitted,
FLOYD A. HEALY
Attorney at Law
#8 Shackleford Plaza, Suite 103
Little Rock, AR 72211

By: _____
Floyd A. Healy #86086

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Nyesha L. Taylor<br>100 Park Dr Apt 614<br>Maumelle, AR 72113 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is* **CONFIDENTIAL** *(29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2020-01084 | Johnny L. Glover,<br>Investigator | (501) 324-6475 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*         08/25/2020

Enclosures(s)      **William A. Cash, Jr.,**
**Area Office Director**      *(Date Mailed)*

cc:
**Sarah Studley-Carter**
**Corporate Human Resources Director**
**INFINITY HEALTHCARE MANAGEMENT**
**2477 E. Commercial Blvd.**
**Fort Lauderdale, FL 33308**

**Floyd Healy**
**FLOYD A HEALY ATTORNEY AT LAW**
**8 Shackleford Plaza, Suite 103**
**Little Rock, AR 72211**

Exhibit __A__

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Pam Jordan<br>PO. BOX 454<br>Jacksonville, AR 72078 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2020-01722 | **Margie Myers,**<br>**Investigator** | **(501) 324-6214** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*      08/20/2020

Enclosures(s)      **William A. Cash, Jr.,**      *(Date Mailed)*
                     **Area Office Director**

cc:   **Michael Jacobs**
      **Associate General Counsel**
      **INFINITY HEALTHCARE MANAGEMENT**
      **240 Fencl Lane**
      **Hillside, IL 60162**

Exhibit B